UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
U.S. COMMODITY FUTURES TRADING
COMMISSION,

                Plaintiff,                            **MEMORANDUM AND ORDER**
                                                                       10 CV 5567 (DRH) (AKT)

              - against -

VINCENT PATRICK MCCRUDDEN,
MANAGED ACCOUNTS ASSET
MANAGEMENT, LLC, and ALNBRI
MANAGEMENT, LLC,

                Defendants.
-----------------------------------------------------------X
**APPEARANCES:**

**UNITED STATES COMMODITY FUTURES TRADING COMMISSION**
Attorneys for Plaintiff
1155 21st Street, NW
Washington, DC 20581
By:    James H. Holl, Esq.
          Joseph Rosenberg, Esq.
          Kevin Webb, Esq.

**For Defendants:**
**Vincent Patrick McCrudden, Pro Se**
P.O. Box 1310
Long Beach, New York 11561

**Managed Accounts Asset Management, LLC – No appearance**

**Alnbri Management, LLC – No appearance**

**HURLEY, Senior District Judge:**

        The Commodity Futures Trading Commission ("CFTC" or "plaintiff") commenced this

action against defendants Vincent Patrick McCrudden ("McCrudden"), Managed Accounts Asset

Management, LLC ("MAAM"), and Alnbri Management, LLC ("Alnbri") alleging that

defendants had violated various provisions of the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.*

(the "Act") and its accompanying regulations. Presently before the Court are four separate motions made by McCrudden pursuant to Rule 12(b)(6) seeking dismissal of the Complaint. McCrudden has also moved to vacate the Clerk's Entry of Default that was entered as to MAAM and Alnbri. For the reasons set forth below, each of these motions is denied.

## BACKGROUND

*Factual Background*

The following facts are drawn from the Complaint. The CFTC is an independent federal regulatory agency tasked with "the administration and enforcement" of the Act and its regulations. (Compl. ¶ 10.) MAAM and Alnbri are limited liability companies, and McCrudden was the "owner, organizer, authorized manager, managing member, and sole officer" of both. (*Id.* ¶¶ 11-13.)

At issue in this case is a commodity pool entitled Hybrid Fund II, LP ("Hybrid Fund II"), which was a limited partnership organized on September 2, 2004. (*Id.* ¶¶ 1, 14.) Between its inception in 2004 and April 17, 2008, "the sole general partner of Hybrid Fund II was MAAM and its initial limited partner was McCrudden." (*Id.* ¶ 14.) Between April 17, 2008 and August 17, 2009, Hybrid Fund II's "sole general partner was Alnbri and its initial limited partner was McCrudden." (*Id.*)

The Complaint alleges that between May 8 and September 30, 2008, MAAM and Alnbri operated Hybrid Fund II as commodity pool operators ("CPOs"), but they "were neither registered as CPOs with the [CFTC], as required under the Act, nor validly exempt from the requirement to register as CPOs." (*Id.* ¶ 1.) More particularly, the CFTC alleges that Alnbri never filed a notice of exemption from the CPO registration requirement, and that while MAAM

2

did, in fact, file a notice of exemption from registration with the CFTC, it did not operate Hybrid Fund II in accordance with that exemption during the relevant period. (*Id.*)

According to the CFTC, during the relevant period, "McCrudden explicitly identified himself as the 'controlling person' of both MAAM and Alnbri," and "controlled all of Hybrid Fund II's 'operations and activities.'" (*Id.* ¶ 31.) The CFTC further asserts that "[a]t no time during the relevant period was McCrudden registered as an [associated person ("AP")] of either MAAM or Alnbri, despite the fact that his conduct during the relevant period brought him within the statutory definition of an AP." (*Id.* ¶ 33.)

*The Complaint*

The Complaint sets forth three causes of action. First, the CFTC alleges that McCrudden "was associated with the CPOs MAAM and Alnbri . . . in a capacity that involved (i) the solicitation of funds, securities, or property for participation in a commodity pool or (ii) supervised persons so engaged," but was not registered as an AP of either MAAM and Alnbri, in violation of Section 4k(2) of the Act. (*Id.* ¶¶ 36, 37.) Second, the CFTC asserts that MAAM and Alnbri acted as CPOs of Hybrid Fund II, but were neither registered as CPOs under the Act nor entitled to a valid exemption from registration, in violation of Section 4m(1) of the Act. (*Id.* ¶¶ 41-42.) Third, the CFTC alleges that MAAM violated Regulation 4.13(b)(4) by "fail[ing] to give notice to the [National Futures Association] that its claimed exemption from registration as the CPO of the Hybrid Fund II pool was no longer accurate." (*Id.* ¶ 45.) With respect to Counts Two and Three, the CFTC alleges that McCrudden controlled MAAM and Alnbri, did not act in good faith, and induced their alleged misconduct. As such, the CFTC asserts that McCrudden is liable for MAAM's and Alnbri's violations. (*Id.* ¶¶ 42, 46.)

The CFTC seeks an Order "finding that Defendants violated Sections 4k(2) and 4m(1) of the Act . . . and that McCrudden and MAAM violated Commission Regulation 4.13(b)(4)," and requests preliminary and permanent injunctive relief. (*Id.* at p.14-15) The CFTC also requests that defendants be required to pay civil monetary penalties, as well as costs and attorney's fees.

***Relevant Procedural History***

    *A.*    ***The Motions to Dismiss***

McCrudden filed a Rule 12(b)(6) motion to dismiss the Complaint on October 21, 2011 (Docket No. 32) (the "First Motion to Dismiss"), and the Court set a briefing schedule that called for the motion to be fully briefed on or before April 16, 2012. (Feb. 13, 2012 Order at 4.) The CFTC timely filed opposition papers on March 13, 2012. (Docket No. 56.)

On March 9, 2012, McCrudden filed another document that was also captioned as a "Motion to Dismiss." (Docket No. 58.) Although this document was filed-stamped on March 9, 2012, it was not entered on the docket until March 19, 2012, six days after the CFTC had filed its opposition to the First Motion to Dismiss. After the CFTC requested clarification from the Court regarding its obligation to respond to McCrudden's March 9, 2012 filing, the Court noted that the document did not appear to be a reply memorandum in further support of McCrudden's First Motion to Dismiss, but appeared to be a separate, supplemental motion to dismiss. (Apr. 12, 2012 Elec. Order.) Accordingly, the Court afforded the CFTC the opportunity to respond to McCrudden's March 9, 2012 filing (the "Second Motion to Dismiss"), and the CFTC did so on May 7, 2012. (Docket No. 67.)

On September 24, 2012, McCrudden filed a "Supplemental Motion to Dismiss Plaintiff's Complaint" (the "Third Motion to Dismiss"). (Docket No. 74.) By letter dated October 15,

2012, the CFTC requested the Court grant it leave to move to strike the Third Motion to Dismiss pursuant to Rule 12(f) on the grounds that it is "severely out of time and redundant." (CFTC's Oct. 15, 2012 Letter at 1.) On December 11, 2012, McCrudden filed a document entitled "Motion for Summary Judgment Pursuant to Rule 56(c) F.R.Civ.P. & To Dismiss Complaint" (hereinafter, the "Fourth Motion to Dismiss"). (Docket No. 77.) By letter dated December 20, 2012, the CFTC requested permission to move to strike this filing as it "merely purports to provide additional authority for McCrudden's alleged grounds for dismissal," and is "improper and redundant." (CFTC's Dec. 20, 2012 Letter at 1.) Over the CFTC's objection, the Court has read and considered the arguments made by McCrudden in his Third and Fourth Motions to Dismiss. Accordingly, the CFTC's requests for a pre-motion conference in anticipation of moving to strike these filings are denied.

    **B.**  *The Entry of Default as Against the Corporate Defendants*

This action was commenced on December 1, 2010. Although all three defendants were served with a copy of the Summons and Complaint, by March 2011 none had appeared by counsel or filed an Answer. Accordingly, on March 2, 2011, the CFTC moved for the entry of default against all three defendants.

On March 9, 2011, the law firm of Quadrino Schwartz appeared on behalf of all three defendants,[1] and requested leave to move to set aside the entry of default pursuant to Rule 55(c). The Court set a briefing schedule for that motion, and required the fully-briefed motion to be filed on or before July 13, 2011. (May 4, 2011 Elec. Order.)

---

   [1]  At the time, Bruce A. Barket, Esq. of Quadrino Schwartz was serving as McCrudden's counsel in the pending criminal action against him, 11 CR 61.

On May 27, 2011, however, defendants' counsel moved to withdraw and that motion was granted on June 23, 2011. (June 23, 2011 Order at 2-3.) The Court stayed the case for sixty days to allow MAAM and Alnbri to retain new counsel, and held the briefing schedule for defendants' proposed Rule 55(c) motion in abeyance pending the appearance of new counsel for the corporate defendants. (*Id.* at 3.) At McCrudden's request, the Court extended the stay of this action for an additional sixty days to afford defendants the opportunity to continue their efforts to retain counsel. (Sept. 14, 2011 Elec. Order.) The Court stated that "[i]f, upon the expiration of this sixty-day period, defendants have not retained counsel, defendant McCrudden shall proceed pro se and plaintiff may renew its motion for a default judgment as against the corporate defendants." (*Id.*)

To date, counsel has not appeared on behalf of MAAM and Alnbri. McCrudden, proceeding pro se, has filed the above-described motions seeking dismissal of the Complaint. On February 21, 2012, the CFTC renewed its request for a certificate of default as against MAAM and Alnrbi, and the Clerk of the Court entered the default of those defendants pursuant to Rule 55(a) on March 5, 2012. On March 12, 2012, McCrudden filed a document entitled "Opposition For Entry of Default," (Docket No. 59), which the Court construed as a motion to vacate the Clerk's Entry of Default (Apr. 12, 2012 Elec. Order). With the Court's permission, the CFTC filed a response to McCrudden's motion to vacate. (Docket No. 66).

## DISCUSSION

I.      McCrudden's Motions Seeking Dismissal of the Complaint.

    A.      **Legal Standard**

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6).

First, in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 561 (quoting *Conley*, 355 U.S. at 45-46) (internal quotation marks omitted). Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 555 (citations and internal quotation marks omitted).

More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court provided further guidance, setting forth a two-pronged approach for courts deciding a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions

can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see also Ortiz v. City of New York*, 755 F. Supp. 2d 399, 401 (E.D.N.Y. 2010) ("[A] complaint must contain factual allegations to support the legal conclusions and the factual allegations must plausibly give rise to an entitlement of relief.") (internal quotation marks omitted).

### B. *The Advice of Counsel Defense*

In the Complaint, the CFTC asserts that to the extent that MAAM and Alnbri have violated Section 4(m)(1) of the Act (Count Two) and Regulation 4.13(b)(4) (Count Three), McCrudden may be held liable for those violations because he "controlled MAAM and Alnbri, directly or indirectly, and did not act in good faith or knowingly induced, directly or indirectly, MAAM's and Alnbri's [alleged] conduct . . . ." (Compl. ¶ 42; *see also id.* ¶ 46.)

8

The Act provides that: "Any person who, directly or indirectly, controls any person who has violated any provision of this chapter or any of the rules, regulations, or orders issued pursuant to this chapter may be held liable for such violation in any action brought by the Commission to the same extent as such controlled person." 7 U.S.C. § 13c(b).  The statute notes that the CFTC bears "the burden of proving that the controlling person did not act in good faith or knowingly induced, directly or indirectly, the act or acts constituting the violation." *Id.*

McCrudden asserts that the claims in Counts Two and Three against him based on his status as the "controlling person" of MAAM and Alnbri should be dismissed because the CFTC cannot show that McCrudden "did not act in good faith or knowingly induced" MAAM and Alnbri's alleged violations of Section 4(m)(1) of the Act and Regulation 4.13(b)(4) . (First Mot. to Dismiss at 6; Second Mot. to Dismiss at 1-2; Fourth Mot. to Dismiss at 6-7.)  McCrudden argues that "[i]t is evidently clear that the Defendants acted in extreme good faith and at all times sought compliance by retaining knowledgeable experienced and reputable counsel." (First Mot. to Dismiss at 6.)  Specifically, between March 2008 and March 2009, defendants retained an attorney from the law firm of Edwards, Angell, Palmer & Dodge for the purpose of completing all the paperwork necessary to make Alnbri "the new General Partner of the [Hybrid Fund] II, LP" and to "continuously update [that] documentation to reflect and comply with all state, federal and regulatory law, rules and regulation[s]." (*Id.* at 1-2; Second Mot. to Dismiss at 2.)  As of March 2009, an attorney from the law firm of Pillsbury Winthrop, LLP was retained to serve as counsel for both Alnbri and the Hybrid Fund II, and to ensure their compliance with all applicable laws.  (First Mot. to Dismiss at 2; Second Mot. to Dismiss at 2.)

9

To invoke the "advice of counsel" affirmative defense, a defendant is required to "show that (i) he made a complete disclosure of the relevant facts to counsel; (ii) he received advice from counsel that the conduct in question was legal; and (iii) he relied on that advice in good faith." *Sec. & Exch. Comm'n v. Leffers*, 289 Fed. Appx. 449, 451 (2d Cir. Aug. 12, 2008) (citing *Markowski v. Sec. & Exch. Comm'n*, 34 F.3d 99, 104-05 (2d Cir. 1994)). Moreover, "[t]he counsel cited must be disinterested and independent." *In re Reserve Fund Sec. & Derivative Litig.*, 2012 WL 4774834, at *2 (S.D.N.Y. Sept. 12, 2012) (internal quotation marks omitted).

Based on this authority, it is clear that in order to avail himself of the advice of counsel affirmative defense, McCrudden is required to proffer evidence sufficient to establish each of its three elements. When ruling on a motion to dismiss, the Court may examine only the allegations made in the Complaint, and generally may not rely on matters outside the four corners of the pleadings. While the advice of counsel defense may be raised after discovery is completed, i.e., as part of a motion for summary judgment or at trial, it cannot serve as the basis to dismiss the Complaint on a Rule 12(b)(6) motion. *Accord In re Reserve Fund Sec. & Derivative Litig.*, 2012 WL 4774834 at *2 ("A party who intends to rely at trial on the advice of counsel [defense] must make a full disclosure during discovery; failure to do so constitutes a waiver of the advice of counsel defense.") (internal alteration and quotations marks omitted).

Accordingly, McCrudden's motions seeking the dismissal of Counts Two and Three of the Complaint as against him are denied.

### C. The CFTC's "Malicious Intent"

McCrudden further contends that the entire Complaint should be dismissed because it has been brought with "a malicious intent." (First Mot. to Dismiss at 6.) McCrudden asserts that the

10

CFTC's malicious intent is evidenced by its unwillingness to engage in settlement discussions with him. (*Id.* ("The Defendants can find no instance [of] a 'registration' violation going directly [ ] to civil court without prior settlement talks first.").) He also alleges that "[o]ne hundred percent (100%) of regulatory cases brought by Government agencies . . . against large, usually publicly traded firms, result[ ] in a settlement." (*Id.*)

McCrudden's assertion that the CFTC has refused to engage in settlement discussions with him is, of course, belied by the fact that the CFTC actually requested that the Court hold a settlement conference (*see* CFTC's Oct. 26, 2011 Letter) and then participated in such a conference before Magistrate Judge A. Kathleen Tomlinson. (*See* Dec. 12, 2011 Minute Entry.) That settlement conference was ultimately unsuccessful (*see id.*), and McCrudden appeared to be dissatisfied with his experience (*see* Def.'s Jan. 5, 2012 Letter at 1). The fact, however, that the CFTC ultimately declined to accept McCrudden's settlement proposal does not compel the Court to conclude that the CFTC has commenced the present action against him in bad faith or with an ill motive. Certainly, there is no legal authority that would support McCrudden's position that the CFTC's refusal to settle this case pursuant to the exact terms dictated by him warrants a sanction against it in the form of the dismissal of its Complaint.

McCrudden also argues that the CFTC's malice is demonstrated by the fact that he, as an alleged control person of a "small [or] medium sized firm," has been named as a defendant at all. (*See* First Mot. to Dismiss at 7.) According to McCrudden, while the CFTC does not commence legal action against any control persons of "big firms" that are accused of statutory and regulatory violations, "it is well documented that in almost every single case against small and medium sized firms, a control person is always named." (*Id.*) Thus, McCrudden concludes, the CFTC's

11

decision to name him as a defendant in a lawsuit is nothing more than part of "a scheme and well known model" to engage in "unconstitutional," "immoral and unethical" "anti-competitive behavior." (*Id.*)

As an initial matter, the Court notes that McCrudden has submitted no evidentiary support for these allegations, and has not attempted to articulate why – even if accurate – such facts warrant the dismissal of the CFTC's Complaint against him. The Court is unpersuaded by McCrudden's vague and unsubstantiated assertions that because control persons of large firms, such as Goldman Sachs, are "never" named as defendants in actions of this type, it is essentially unfair that he, as an alleged control person of a small or medium-sized firm, should have to defend against this lawsuit. The propriety of the CFTC's decision to commence litigation against McCrudden – as opposed to an alleged control person of another firm – is not an appropriate question for this Court to address, particularly given that McCrudden's protestations, almost without exception, lack any specific factual foundation.[2]

Finally, McCrudden asserts that the CFTC's "main motive was to seek a judicial action and subject the defendant and his family through [an] unnecessary gauntlet and financial hardship." (Fourth Mot. to Dismiss at 6.) This could be construed as a request for the imposition of sanctions pursuant to Rule 11, which provides that an attorney who files a pleading with the

---

[2] For example, McCrudden argues that he "and his family cannot find one single case where a Defendant has been charged exclusively by the CFTC with simply a registration violation and then charging the principal as a 'control person.' . . . So simply, there is not only no precedent, but proves further still malicious intent by the CFTC." (Second Mot. to Dismiss at 2.) McCrudden does not argue that the Act does not permit an individual to be charged both individually with a registration violation and also derivatively as a "control person," but only asserts that he has never seen such a scenario occur. Such an assertion does not warrant the dismissal of the Complaint.

Court represents that "it is not being presented for any improper purpose, such as to harass . . . ." Fed. R. Civ. P. 11(b)(1). An attorney who violates those representations is subject to sanctions. Fed. R. Civ. P. 11(c). Rule 11 requires that a motion for sanctions "be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Further, once such a motion is served, it may not be filed with the Court "if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ." *Id.* Any motion seeking Rule 11 sanctions that does not comply with these provisions must be denied. *See Bryant v. Britt*, 420 F.3d 161, 163 n.2 (2d Cir. 2005); *Castro v. Mitchell*, 727 F. Supp. 2d 302, 305-06 (S.D.N.Y. 2010) (collecting cases). Thus, even if the Court were inclined to construe McCrudden's motion as one for sanctions pursuant to Rule 11, it would be denied based upon his failure to comply with these procedural requirements.

D.   ***Remaining Grounds for McCrudden's Motions to Dismiss***

The remaining grounds for McCrudden's motions to dismiss require only a brief discussion. McCrudden devotes a large part of both the First and Second Motions to Dismiss to refuting the accuracy of the allegations in the Complaint. These types of arguments are appropriately advanced on summary judgment or at trial.

In his Third and Fourth Motions to Dismiss, McCrudden argues that the Complaint should be dismissed "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)," (Third Mot. to Dismiss at 1; Fourth Mot. to Dismiss at 7), but does not articulate why. The Complaint alleges that McCrudden, a resident of Nassau County, New York, has violated a federal statute

and regulation. On its face, the Complaint does not appear to suffer from any jurisdictional defects that would warrant its dismissal.

McCrudden also mentions Rule 3 (which requires that a civil action be commenced by filing a complaint with the Court) and Rule 10 (which deals with the format of pleadings). (Third Mot. to Dismiss at 2.) He does not, however, assert that either of these rules have been violated here, nor does he advance any argument as to why a violation of these rules would (or could) serve as the basis for a motion to dismiss the Complaint.

McCrudden asserts that the Complaint "failed to name all parties needed for a complete adjudication of the alleged disputes," and contends that the Court should dismiss the action pursuant to Rule 19(b).[3] (Third Mot. to Dismiss at 2; *see also* Fourth Mot. to Dismiss at 9-10.) Because McCrudden has failed to identify any absent party, the Court cannot analyze this argument further.

Finally, although McCrudden has captioned his Fourth Motion to Dismiss as a "Motion For Summary Judgment Pursuant to Rule 56(c) [ ] & To Dismiss the Complaint," it is clear that the motion is actually a supplemental motion to dismiss the Complaint. Aside from reciting the legal standard applicable to Rule 56 motions, McCrudden has made no attempt to comply with any of the requirements set forth in Rule 56 including, most importantly, providing citations to admissible evidence that would demonstrate that no genuine issues of fact exist. To the extent McCrudden intended his Fourth Motion to Dismiss to serve as a motion for summary judgment,

---

[3] Rule 19(b) provides that "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or be dismissed." Fed. R. Civ. P. 19(b).

14

that motion is denied as premature and may be renewed, in accordance with my Individual Practice Rules, once discovery has been completed.[4]

## II.  *McCrudden's Motion to Vacate the Clerk's Entry of Default*

As noted above, on March 5, 2012, a Clerk's Entry of Default was entered as to Alnbri and MAAM pursuant to Rule 55(a).  As of the date of this Order, Alnbri and MAAM have not appeared by counsel and have not filed any response to the Complaint.  On March 12, 2012, McCrudden filed a document entitled "Opposition for Entry of Default," in which he argues that granting a default judgment against Alnbri and MAAM would be "unconscionable," and asserts that "the corporate defendants need [more] time to secure a replacement of counsel."  (Mot. to Vacate at 1.)  The motion is signed by McCrudden "as representative and former CEO of Defendants MAAM & Alnbri."  (*Id.* at 3.)

As this Court has previously noted,[5] the Second Circuit has made clear that "a corporation is not allowed to appear in federal court except by a licensed attorney," and "a non-attorney is not allowed, in federal court, to represent anyone other than himself."  *United States v. Twenty Miljam-350 IED Jammers*, 669 F.3d 78, 91 (2d Cir. 2011).  Where, as here, a motion is made by a non-attorney on behalf of a corporate defendant who is not represented by counsel, the Court may not consider that motion.  *See Batac Dev. Corp. v. B&R Consultants Inc.*, 2000 WL 307400,

---

[4]  Given that McCrudden is no longer incarcerated, he is now expected to comply with my Individual Practice Rules regarding pre-motion conference requirements.  *See* Indiv. Rule 3(A) and 3(B).

[5]  On October 12, 2011, McCrudden filed a motion to dismiss the action as against MAAM.  (Docket No. 27.)  By Memorandum & Order dated February 13, 2012, the Court denied the motion on the grounds that MAAM was prohibited from proceeding *pro se* and McCrudden, as a non-attorney, could not act on MAAM's behalf.  (*See* Feb. 13, 2012 Order at 3.)

at *2 (S.D.N.Y. Mar. 23, 2000) (finding that because the corporate plaintiff's motion "was made not by counsel but by a layperson who cannot legally represent the plaintiff, [the court] must disregard it as a nullity") (collecting cases); *US JVC Corp. v. Caribbean Wholesales & Serv. Corp.*, 1993 WL 307803, at *1 (S.D.N.Y. Aug. 10, 1993) (finding that corporate defendant was "precluded from proceeding *pro se*" and, as such, defendant's motion to dismiss "cannot be considered by the Court as a proper response to the Complaint under Rule 12").

Thus, McCrudden's motion, made on behalf of Alnbri and MAAM, to vacate the Clerk's Entry of Default against them is denied. The CFTC is hereby granted leave to move for default judgment as against Alnbri and MAAM pursuant to Rule 55(b).

## *CONCLUSION*

For the reasons set forth above, McCrudden's four separate motions to dismiss the Complaint as against him are denied. McCrudden's motion, made on behalf of Alnbri and MAAM, to vacate the Clerk's Entry of Default against them is also denied. Counsel for the CFTC is directed to serve a copy of this Order upon pro se defendant McCrudden forthwith and file proof of service on ECF.

**SO ORDERED.**

Dated: Central Islip, New York
January 11, 2013

                                                          /s/
                                        Denis R. Hurley
                                        Unites States District Judge