UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
U.S. COMMODITY FUTURES TRADING
COMMISSION,

                    Plaintiff,

        - against -

VINCENT PATRICK MCCRUDDEN,
MANAGED ACCOUNTS ASSET
MANAGEMENT, LLC, ALNBRI
MANAGEMENT, LLC,

                    Defendants.
------------------------------------------------------------X

**ORDER**

CV 10-5567 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      In this case, Plaintiff U.S. Commodity Futures Trading Commission's ("CFTC") alleges that Defendants violated the Commodity Exchange Act and regulations thereunder.  Before the Court is the CFTC's motion to compel further discovery responses from Defendant Vincent Patrick McCrudden ("Defendant" or "McCrudden") [DE 65].  McCrudden did not submit any opposition to the motion to compel.  For the reasons that follow, the CFTC's motion is GRANTED in part and DENIED, in part.

      A telephone status conference was held on February 28, 2012.  DE 54.  At that time, the CFTC raised certain deficiencies in Defendant McCrudden's responses to its discovery demands.  The Court provided the parties with some preliminary guidance on the issues raised; however, since the parties had not had the opportunity to meet and confer regarding the disputes, the Court declined to issue any rulings.  *Id*.  Thereafter, the CFTC attempted to meet and confer with

Defendant McCrudden via letter, as suggested by the Court, but McCrudden failed to respond. DE 65 at 1.[1]  Thus, the CFTC filed the instant motion to compel.

The Court will first address the demands to which McCrudden has objected on the grounds that he is "not in 'control, custody, or possession' of [the necessary information] due to incarceration."[2]  This includes Interrogatory Nos. 1, 2, 6, and 7 and Document Request Nos. 1 through 3.  The Court notes that it previously advised Defendant McCrudden that "the normal procedure in this District when a defendant is incarcerated on a criminal matter and is simultaneously named as a defendant in a civil litigation is to have the defendant designate an agent (i.e., family member, friend, etc.) for purposes of obtaining and producing the documents/information."  DE 54 ¶ 2.  McCrudden apparently did not follow this procedure.  Nevertheless, as reflected in the Notice of Change of Address filed by McCrudden on November 7, 2012, he is no longer incarcerated.  DE 76.  Thus, this objection is no longer valid and McCrudden is directed to answer Interrogatory Nos. 2, 6, and 7 and respond to Document Request Nos. 1 through 3.  McCrudden has asserted an additional objection to Interrogatory No. 1, to which the Court now turns.

---

[1]   The Court is aware that on April 6, 2012, McCrudden filed a letter to Judge Hurley "in response to the CFTC's letter dated March 14, 2012."  DE 63.  The letter addressed various discovery issues and may have been an attempt to meet and confer with the CFTC.

[2]   Unless otherwise stated, all quoted material is taken from Plaintiff's motion to compel, DE 65, which sets forth the discovery demands and responses in accordance with Local Civil Rule 37.1

Interrogatory No. 1 states as follows:

> Identify all documents reflecting your attempts to register with the NFA/CFTC, including but not limited to all of your corporate affiliates, partnerships, and/or subsidiaries. This request includes all communications with counsel or other parties responsible for assisting you in the registration process.

In addition to the objection based on McCrudden's incarceration, he also objected on the grounds that the "request is clearly attorney-client and privileged." First, to the extent that McCrudden can identify any documents that do not implicate attorney-client communications, he must do so. As to the documents that McCrudden believes are covered by the attorney-client privilege, he is required to produce a privilege log. *See* Fed. R. Civ. P. 26(b)(5)(A); *Pegoraro v. Marrero*, 281 F.R.D. 122, 130-31 (S.D.N.Y. 2012) (applying privilege log requirement to interrogatory); *Pietrangelo, II v. Alvas Corp.*, No. 09-CV-68, 2010 WL 3323729, at *2 (D. Vt. April 23, 2010). The log must contain sufficient information to "enable other parties to assess the claim," but "without revealing information itself privileged or protected." Fed. R. Civ. P. 26(b)(5)(A)(ii); *accord U.S. v. Const. Prods. Research Inc.*, 73 F.3d 464, 473 (2d Cir. 1996). The Court notes that the CFTC has raised the issue that McCrudden may have waived the attorney-client privilege by relying on the advice of counsel defense in this case. If, after receiving McCrudden's privilege log, the CFTC believes this argument has merit, it may file a letter motion to compel with citations to the applicable case law on this issue. **Defendant McCrudden is directed to identify to Plaintiff's counsel, within 14 days of receipt of this Order, all non-privileged documents responsive to Interrogatory No. 1. In addition, any documents in this category being withheld on the grounds of attorney-client privilege are to be placed in an**

3

**appropriate privilege log and a copy of that log is to be served on Plaintiff's counsel, with a copy to this Court, in that same 14-day period.**

Interrogatory No. 3 asks McCrudden to "[s]tate all facts upon which you were 'denied the right to register by the [National Futures Association ("NFA")]' in February 2005." McCrudden responded that this "is already of public record and easily obtainable by the plaintiff." The CFTC argues that it seeks to ascertain what McCrudden personally knew about the NFA registration process, which is not publicly available. *Id.* As clarified by the CFTC, the Court concludes that the information requested is not a matter of public record and McCrudden is therefore directed to answer Interrogatory No. 3 completely. The Court notes that McCrudden's role in the NFA registration process of Defendant Managed Accounts Asset Management, LLC ("MAAM") is relevant to the allegations in the Complaint. *See* Compl. ¶¶ 16-19, 45. **Defendant McCrudden's amended response to Interrogatory No. 3 is to be served upon Plaintiff's counsel within 14 days of receipt of this Order.**

Interrogatory No. 4 asks McCrudden to "[s]tate all facts upon which you allege that, during the relevant period identified in the Complaint, you 'never acted as an [Associated Person ("AP")].'" McCrudden responded that the "Defendants 'never held themselves out as a [Commodity Pool Operator ("CPO")]' which is what they were counseled and advised to do to be complaint [sic] with rules and regulations." The CFTC finds this response insufficient. While the Court agrees that the response does not fully answer the question, this question is more appropriate for a deposition. Therefore, the Court will not require Defendant McCrudden to provide a further answer at this time. The CFTC is free to explore this topic during

McCrudden's deposition. The parties are reminded, however, that all depositions in this case are stayed until Defendants' motion to dismiss is decided by Judge Hurley. DE 54 ¶ 3.

Interrogatory No. 5 asks McCrudden to "[i]dentify by date, documents and persons involved all attempts to register [MAAM]." Defendant McCrudden objected on the grounds that "MAAM is completely not involved with the complaint or during the 'relevant period' of May 2008 until September 2008." DE 65 at 3. The Court construes this as an objection to relevance of the Interrogatory No. 5 and overrules the objection. Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The definition of relevancy under Rule 26 is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in th[e] case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir. 1989) (holding that "the broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy"); *Barrett v. City of New York*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (noting that the information sought "need not be admissible at trial to be discoverable"). According to the Complaint, during the relevant period, MAAM improperly claimed exemption from registration with the CFTC. *See* Compl. ¶¶ 1-3. Attempts to register MAAM are then relevant to the Defendants' knowledge of the exemption and registration requirements and therefore relevant to the claims in this case. **Defendant McCrudden's amended response to Interrogatory No. 5 is to be served upon Plaintiff's counsel within 14 days of receipt of this Order.**

5

Interrogatory Nos. 8, 9, and 10 ask McCrudden to identify, with specificity, all of his duties with respect to Defendant Alnbri Management LLC ("Alnbri"), non-party Hybrid Fund II, LP ("HFII"), and Defendant MAAM, respectively. With regard to Alnbri, McCrudden states that he was the CEO and that this was "already covered by the deposition," presumably referring to a deposition conducted in the prior regulatory proceeding. The Interrogatory requests not just McCrudden's title, but his duties, and the CFTC is entitled to this information, regardless of any testimony McCrudden may have given in prior proceedings. Defendant McCrudden is therefore directed to answer the Interrogatory. With respect to HFII, McCrudden states that he was "named the first 'Managing Member' for purely technical and start-up reasons." Again, the Interrogatory asks for more than just McCrudden's title and the CFTC is entitled to a complete description of his duties. With respect to MAAM, McCrudden states that MAAM "is not involved with the complaint during the relevant period of May 2008 until September 2008." As discussed above, this objection is overruled and McCrudden is therefore directed to answer the Interrogatory. **Defendant McCrudden's amended responses to Interrogatory Nos. 8, 9, and 10 are to be served upon Plaintiff's counsel within 14 days of receipt of this Order.**

Counsel for Plaintiff is directed to serve a copy of this Order on Defendant McCrudden forthwith by overnight mail and first-class mail and to file proof of service on ECF.

**SO ORDERED.**

Dated: Central Islip, New York
March 19, 2013

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge