UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
U.S. COMMODITY FUTURES TRADING
COMMISSION,

                Plaintiff,                            **MEMORANDUM AND ORDER**
                                                                   10 CV 5567 (DRH) (AKT)
            - against -

VINCENT PATRICK MCCRUDDEN,
MANAGED ACCOUNTS ASSET
MANAGEMENT, LLC, and ALNBRI
MANAGEMENT, LLC,

                Defendants.
-------------------------------------------------------------X

**HURLEY, Senior District Judge:**

      In a letter dated May 1, 2013 Vincent Patrick McCrudden ("McCrudden") renews his February 5, 2013 request that the Court appoint him counsel in connection with defending the present action. (*See* Docket No. 95 at 3.) "In making this determination, the court 'exercises substantial discretion, subject to the requirement that it be guided by sound legal principle.'" *Vargas v. City of New York*, 1999 WL 486926, at *1 (S.D.N.Y. July 9, 1999) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)). The threshold inquiry is "whether the indigent's position [i]s likely to be one of substance." *Cooper*, 877 F.2d at 172. "Only where the indigent passes this test of likely merit should the court consider other criteria." *Kingvision Pay-Per-View Ltd. V. DeJesus*, 2006 WL 941804, at *3 (E. D. N.Y. Apr. 12, 2006). These criteria include "[the] ability to obtain representation independently, and [the] ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877

F.2d at 172.

As to the threshold question of whether McCrudden's position is likely to be one of substance, that is difficult to determine because his submissions are typically long on the inflammatory rhetoric and short on substance. But on the information furnished, movant has not demonstrated that plaintiff is unlikely to prevail based on the supposedly spurious nature of its claims and/or because of McCrudden's formidable defense to those claims.  And as to his ability to conduct the required factual investigation, it appears that he will be able to more than adequately perform that function given that each of the three causes of action focuses on his purported conduct and the activities of the two corporate defendants of which he is said to be "the owner, organizer, authorized manager, managing member, and sole officer."  (Compl. ¶ 11.) Moreover, the legal issues do not appear to be particularly complex.  Indeed, McCrudden categorizes plaintiff's claims, via an expletive, as essentially meritless on their face. (McCrudden's Letter of May 1, 2013 at unnumbered p. 3.)  And, as the individual whose alleged activities are the focus of the complaint in this action, viewed in conjunction with the fact that McCrudden was, he reports, a successful individual in a leadership position in finance prior to what he perceives as the present bogus suit, there is no reason to believe that he may not effectively conduct cross examination of those witnesses called by plaintiff to testify at trial.  In sum, based on the information before me including his seemingly significant prior efforts to obtain representation, McCrudden's application for assigned counsel is denied.  He has until January 15, 2014 to either obtain counsel or to indicate to the Court that he will proceed pro se. Should I not hear from him by that date, it shall be conclusively presumed that he selected the latter option.

McCrudden has also requested in a second letter dated May 1, 2013, the removal of the attorneys Holl and Webb as counsel for the CFTC on the basis that both attorneys are now named defendants in a civil proceeding he has brought against the CFTC in the District of Columbia. Coupled with his "demand [that I] dismiss Holl and Webb from this case," he proffers that "because the CFTC is in the continuing process of violation of anti-trust laws, any replacement lawyer employed by the CFTC will be named in the lawsuit as a continuation of their policy." (Id. at unnumbered pp. 1-2.) It is unclear whether the application to remove Holl and Webb from representing plaintiff, as well as any successor "in-house" attorneys being similarly targeted, rests on legitimate conflict of interest concerns or rather represents a misuse of the judicial process by McCrudden.[1] In any event, plaintiff is directed to respond to this portion of McCrudden's application by January 3, 2014 indicating whether they oppose McCrudden's application and if so why. McCrudden will have until January 15, 2014 to file his reply to the CFTC's submission.

The recent submission, as well as most of his earlier communications, are laced with obscenities. By way of one example, in an apparent response to the CFTC's application of April 23, 2012 to Judge Tomlinson requesting that he be censured for such inappropriate conduct, he responds "[f]or all the CFTC and Holl have done to me and my family, profane language should be the least of their worries and they can go fuck themselves." There is no reason to believe that such offensive conduct by McCrudden will cease absent court involvement. Indeed, his latest written request for counsel concludes by noting that "if [I] don't provide counsel, then expect to endure my profanities at the least." (Id. at unnumbered p. 5.)

---

[1] Parenthetically, Holl and Webb replaced Timothy Mulreany and Sophia Siddiqui as counsel for plaintiff because the latter two attorneys were listed as targets on Alnbri's website "Execution List." See Docket Nos. 48-50.

McCrudden is hereby advised that I have no intention of addressing any future correspondence from him in which the communication gratuitously includes obscenities. Such applications will be denied without prejudice to their renewal if presented in a civilized format. Lest McCrudden consider presenting communications sequentially, with the first being inappropriate and the second being sanitized, I will henceforth entertain any appropriately framed application for sanctions to address the nonsanitized version including ultimately, if deemed necessary, permitting a default judgment to be entered against McCrudden[2].

Counsel for the CFTC is directed to serve a copy of this Memorandum & Order by United States Mail upon pro se defendant McCrudden forthwith and to file proof of service on ECF.

**SO ORDERED.**

Dated: Central Islip, New York
December 11, 2013

/s/
Denis R. Hurley
Unites States District Judge

---

[2] No answer has yet been filed by, or on behalf of McCrudden.