FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 18 2014 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
U.S. COMMODITY FUTURES TRADING
COMMISSION,

                 Plaintiff,              **MEMORANDUM AND ORDER**
                                                            10 CV 5567 (DRH) (AKT)

       - against -

VINCENT PATRICK MCCRUDDEN,
MANAGED ACCOUNTS ASSET
MANAGEMENT, LLC, and ALNBRI
MANAGEMENT, LLC,

                 Defendants.
------------------------------------------------------------X

**HURLEY, Senior District Judge:**

By letter dated May 1, 2013 Vincent Patrick McCrudden ("McCrudden") "demand[s]" that a court order be issued "dismiss[ing plaintiff's current in-house counsel James] Holl and [Kevin] Webb from this case." (Def.'s May 1, 2013 letter at 1.) The basis for that application is that he has named those two lawyers as defendants in an action he has commenced against the Plaintiff U.S. Commodity Futures Trading Commission ("Commission") and has advised the Commission and the Court that "because the CFTC is in the continuing process of violations of anti-trust laws, any replacement lawyer employed with the CFTC will be named in the lawsuit as a continuation of their policy." (*Id.* at 1-2.) The latter part of this statement seems to imply that McCrudden would request a dismissal of each and every lawyer from the Commission appearing in this lawsuit, which would effectively result in the disqualification of the entire office from this case.

McCrudden's request for dismissal of Holl and Webb is denied. A defendant cannot

simply seek to dismiss an attorney by naming them as a defendant in a separate lawsuit. *See United States v. Ramirez*, 2004 WL 203034, at *2 (S.D.N.Y. Feb. 2, 2004) (denying defendant's request to disqualify attorney where defendant sought "recusal as a remedy for a 'conflict' he himself created"). Moreover, the Court notes that the "extreme remedy of disqualification of an entire [office] requires, at minimum, some showing of bad faith, misconduct, or actual prejudice," none of which has been shown here. *Ramirez*, 2004 WL 203034, at *3.

Additionally before the Court is Defendant's request for a jury trial by letter dated July 23, 2014. Given that in a letter dated August 15, 2014, the Commission stated that it "has no objection to a jury trial," McCrudden's request is granted.

Counsel for the CFTC is directed to serve a copy of this Memorandum & Order by United States Mail upon pro se Defendant McCrudden forthwith and to file proof of service on ECF.

**SO ORDERED.**

Dated: Central Islip, New York
September 18, 2014

/s/
Denis R. Hurley
Unites States District Judge