```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
U.S. COMMODITY FUTURES TRADING
COMMISSION,

                Plaintiff,                                    ORDER
                                                              10 CV 5567 (DRH) (AKT)
        - against -

VINCENT PATRICK MCCRUDDEN,
MANAGED ACCOUNTS ASSET
MANAGEMENT, LLC, and ALNBRI
MANAGEMENT, LLC,

                Defendants.
----------------------------------------------------------X
```

**HURLEY, Senior District Judge:**

The Court is in receipt of defendant McCrudden's "Motion for Recusal of the Honorable Denis R. Hurley from Presiding Over 10-5567" ("Motion"), seeking recusal under both 28 U.S.C. § 144 and 28 U.S.C. § 455(a). (Motion at 1.) The Court will address both of those grounds for recusal in turn. For the reasons that follow, the motion is denied.

Under 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case.

Defendant claims that the "Affidavit of [defense counsel] Abigail Field ("Field Aff.") submitted in support of this motion evidences [the Court's] serious concerns about [its] physical

safety in view of the noxious letters Defendant has sent to [me] personally and repeatedly" and that those concerns require my recusal. (Mem. in Supp. at 2.) Specifically, the affidavit discusses McCrudden's related criminal case, 11-cr-61, where this Court found that McCrudden violated his supervised release by associating with felons and lying to a probation officer. It alleges that during the sentencing hearing on these violations, in discussing the defendant's purported threats against myself and other judges that had come before the Court as a result of an earlier November 6, 2014 violation of supervised release report, I, according to Ms Field, "acknowledged being so afraid of the Defendant that for the first time [I] started using a burglar alarm at [my] home." (Field Aff. ¶ 9.)

The same core subject - though couched in different terms and presented in a different context - was advanced, albeit unsuccessfully, by defendant during his earlier motion seeking bail pending appeal. *(See* Court's Order of September 10, 2015, DE 165, 11-cr-61.) In addressing one of the purported substantial grounds proffered by defendant to be pursued in the Circuit, the Court explained:

> Finally, the third ground for the appeal is identified in paragraph (c) as whether I was in a position to "properly pronounce sentence, given [my] direct and personal fear of the defendant." I would not categorize my thoughts about McCrudden in such dire terms, [i.e., as fearful, as distinct from concerned,] but I did state at the August 18th sentencing hearing in discussing "the need for the sentence imposed . . . to protect the public from further crimes of the defendant," § 3553(a)(2)(C):
>
> Based on some of the correspondence that this defendant has had [with] Judges in the Southern District of New York, Chief Judge Katzmann at the Second Circuit, with Mr. Driscoll in the underlying matter, [and] with his brother via an e-mail he sent that was retrieved off of Mr. McCrudden's computer, I personally think Mr. McCrudden is a dangerous individual. [Had I been called as a witness at the November 24th and 25th hearing as to charges in the November 6,

2

> 2014 VOSR concerning the purported threats made by McCrudden, and asked whether I considered him to be dangerous], I think I would have indicated [that for the first time] in my life I now use[1] the burglar alarm at my house and so forth. So I do consider him a dangerous individual. Why do I say that? Because that should be factored in the equation too. Nobody in their right mind would send [the] letter that was sent to Mr. Driscoll and, again, that falls under the ambit of the history an[d] characteristics of the defendant. No one, that is absolutely insane, to say something to somebody that you would hire a hit man to eliminate this individual and at the final moment he, the defendant, would come in and kill that individual, what sense does that make? That makes no sense.[2]
>
> (Aug. 18, 2015 Transcript at 24.)
>
> Perhaps the thrust of this third ground is that I should have recused based on my previously quoted comments bearing on the dangerousness issue. Viewed in isolation that thought may seem to be on-target but in context it is not. Part of that context involves the fact I was asked by defendant's prior counsel not to recuse as to charges in the VOSR and AVOSR. . . . Moreover, defendant's present counsel has never asked that I recuse from adjudicating the charged violations of supervised release including from the sentencing phase.

(Court's Order of September 10, 2015, DE 165, 1-cr-61, at 7-8 (internal citations and footnote omitted).)

Defendant's present counsel now asks that I recuse from the captioned civil case in which McCrudden is being sued by the U.S. Commodity Futures Trading Commission. According to Ms. Field, the "very recent exposure" of my view that defendant is a dangerous individual, as

---

[1] The Court notes that on page 2 of defendant's Memorandum in Support, defendant incorrectly paraphrases my sentencing hearing remarks as stating that I "*installed* a burglar alarm system at [my] home." (*See* Def.'s Mem. in Supp. at 2 (emphasis added).) My actual statement indicates that I *used* the burglar alarm already installed at my home.

[2] Field asserts that any bracketed edits that the Court has made to the transcript comport with her recollection of the hearing. (Field Aff. at n.3.)

3

exhibited in the above quote from the August 18th proceeding, "prompts this recusal motion." (Field Aff. ¶ 4.)

The plaintiff contends that defendant's recusal request must be denied because as § 144 provides, a party is limited to one application per case, and defendant has previously sought recusal. Without even addressing that point, however, the recusal motion must be rejected because the Field Affidavit does not set forth that any of the alleged bias or prejudice is "extrajudicial." The Supreme Court has held that with regard to a § 144 application, in order for "[t]he alleged bias and prejudice to be disqualifying [it] must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also In re Int'l Business Machines Corp.*, 618 F.2d 923, 927 (2d Cir. 1980) (stating that "the alleged prejudice of the trial judge must be extrajudicial, that it must arise by virtue of some factor which creates partiality arising outside of the events which occur in the trial itself"). Here, the defendant "has not shown [through the Field Affidavit] and does not purport to establish or identify any personal connection, relationship or extrajudicial incident which accounts for [my] alleged personal animus." *Id*. at 928. Moreover, he has not shown that my statement regarding the burglar alarm was based on anything other than my experience throughout this litigation. In fact, I stated that my consideration of the defendant as a dangerous individual was based on facts I learned in the course of the litigation regarding his communications with myself, other judges, Mr. Driscoll, and his brother. Since the affidavit submitted by defendant is deficient, I need not reassign this motion to another judge, and the motion for recusal under § 144 is denied. *See Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953 (2d Cir. 1978) (finding that "[t]he

mere filing of an affidavit of prejudice does not require a judge" to reassign the case to another judge and that "a judge has an affirmative duty to inquire into the legal sufficiency of such an affidavit and not to disqualify himself unnecessarily, particularly where the request for disqualification was not made at the threshold of the litigation and the judge has acquired a valuable background of experience" (internal quotation marks and citation omitted)); *Huebner v. Midland Credit Mgmt., Inc.*, 2015 WL 1966280, at *5 (E.D.N.Y. May 1, 2015) (finding that reassignment of motion to another judge was not required where "none of the prejudices that plaintiff perceive[d] [were] extrajudicial in nature").

Defendant also moves for recusal pursuant to 28 U.S.C. § 455(a). That section provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "In determining whether Section 455(a) requires recusal, the appropriate standard is objective reasonableness - whether an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *See United States v. Carlton*, 534 F. 3d 97, 100 (2d Cir. 2008) (internal quotation marks and citations omitted). Under § 455(a), "[t]he decision to recuse rests within the sound discretion of the judge whose recusal is sought." *See McDaniel v. Cty. of Schenectedy*, 2009 WL 499536 (N.D.N.Y. Feb. 27, 2009), *appeal dismissed*, *Keach v. Cnty. of Schenectady*, 593 F.3d 218. As with prejudice asserted pursuant to § 144, in order to be disqualifying under § 455, the alleged prejudice must stem from an extrajudicial source. *S.E.C. v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013).

Defendant argues that "[t]he same facts we have discussed [in relation to the motion for recusal pursuant to § 144] equally establish that any disinterested observer would, without

5

question, be concerned about the very real possibility of bias. As the record shows, Your Honor's fear of the Defendant need not be inferred; it is not a matter of speculation." (Mem. in Supp. at 3.) Although I have addressed the issue of recusal from Mr. McCrudden's criminal and civil cases on prior occasion, this is the first time present counsel has sought my recusal from either the criminal or civil matter. As I explained on previous occasions, "I have remained on the [criminal] case based on my belief that I can be fair and impartial in adjudicating this matter and that a reasonable third party with full knowledge of the attendant facts would not reach a contrary conclusion." Order of March 16, 2015, 11-cr-61, at 7-8 (citing *In re Basciano*, 542 F.3d 950, 956-58 (2d Cir. 2008); *see also* Order of September 10, 2015, 11-cr-61, at 9. My comments at the sentencing hearing do not alter that belief vis a vis the present application. Furthermore, as discussed above, defendant has not put forward any extrajudicial basis for the alleged prejudice. As there is no occasion for recusal here, defendant's motion for recusal under § 455 is also denied. *See Wolfson v. Palmiere*, 396 F.2d 121, 124 (2d Cir. 1968) ("There is as much obligation upon a judge not to recuse himself when there is no occasion [for him to do so] as there is for him to do so when there is." (internal quotation marks and citation omitted)).

**SO ORDERED.**

Dated: Central Islip, New York
      November 13, 2015
                                              /s/
                                          Denis R. Hurley
                                          Unites States District Judge