```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
U.S. COMMODITY FUTURES TRADING
COMMISSION,                                                    MEMORANDUM & ORDER
                    Plaintiff,                                 10-CV-5567 (DRH)(AKT)
        -against-

VINCENT PATRICK MCCRUDDEN,
MANAGED ACCOUNTS ASSET MANAGE-
MENT, LLC, and ALNBRI MANAGEMENT,
LLC
                    Defendants.
----------------------------------------------------------X
```

**APPEARANCES:**

**For Plaintiffs:**
James H. Holl, III, Esq.
Chief Trial Attorney
U.S. Commodity Futures Trading Commission
1155 21st St, NW
Washington, DC 20581

**For Defendant Vincent Patrick McCrudden:**
Vincent Patrick McCrudden, Pro Se
3942 Hillstead Lane
Jacksonville, FL 32216

**For Defendants Managed Accounts Asset Management, LLC, and
Alnbri Management, LLC:**
Michael Peter Kushner, Esq.
Kushner Law Group
16 Court Street, Suite 2901
Brooklyn, New York 11241

**HURLEY, Senior District Judge:**

The purpose of this Memorandum is to address whether Defendants should be banned from trading on their own behalf.

I.   **Procedural Background**

On December 1, 2010, the CFTC filed the complaint in this action alleging, in sum, that from May 8, 2008 to September 30, 2008 the commodity pool Hybrid Fund II, LP ("Hybrid Fund II") was operated by CPOs, i.e. MAAM and Alnbri, who were neither registered as CPOs with the Commission, as required under the Act, nor validly exempt from the requirement to register. Although MAAM had filed a notice of exemption from registration with the Commission, the Hybrid Fund II did not operate in accord with the exemption, rendering MAAM's exemption invalid and requiring it to register as a CPO. Alnbri, which succeeded MAAM as the fund's sole general partner on April 17, 2008, never filed a notice of exemption with the Commission and thus was not authorized to operate the Hybrid Fund II under any exemption from registration. Neither MAAM nor Alnbri were registered as CPOs during the relevant period. MAAM and/or Alnbri, as unregistered CPOs of Hybrid Fund II, directed the buying and selling of exchange traded commodity futures contracts on behalf of Hybrid Fund II. McCrudden, the "owner, organizer, authorized manager, managing member, and sole officer of both MAAM and Alnbri," acted as an AP of MAAM and Alnbri without being registered as such. (*See* Complaint ¶¶ 11-15, 22-34.)

In or about September 2016,[1] the parties entered into a Consent Order for Permanent Injunction and Other Statutory and Equitable Relief (the "Consent Order") effecting a partial settlement of the matters alleged in the complaint. (*See* DE 166.) In the Consent Order, Defendants agreed that "the allegations contained in the Complaint and of the Findings of Fact and Conclusions of Law contained in this Consent Order shall be taken as true and correct and be

---

[1] A thorough discussion of the chronology of this litigation prior to the entry of the Consent Order is contained in the October 13, 2015 Report and Recommendation of Magistrate Judge Tomlinson (DE 144).

given preclusive effect, without further proof, in the course of . . . any proceedings to 1) determine the length of any trading and/or registration ban; and 2) setting the appropriate amount of civil monetary penalty, if any, that may be entered herein . . . ."

Thereafter, the parties submitted briefs regarding the appropriate penalty. The CFTC argued that the maximum civil penalty of $130,000.00 for each of the three counts alleged in the complaint and an injunction "permanently prohibiting [Defendants] from trading for themselves and others should be imposed." (CFTC's Penalty Mem. (DE 184) at 5-6.) Defendants maintained that no penalty should be imposed. (Defs.' Penalty Br. DE 188 *passim*.)

By Memorandum & Order dated March 6, 2018 ("the March Memorandum"), this Court addressed the penalties sought by the CFTC against the Defendants and held that a permanent registration ban and permanent ban on trading for, or on behalf of others, together with a civil monetary fine of $60,000.00 should be imposed. However, finding that the CFTC's request to extend the trading ban to Defendants' trading on their own behalf was not adequately addressed, the Court invited the parties to file supplemental submissions. Those submissions have been filed (*see* DE 195, 196, 197.), and the matter is ripe for decision.

## II. Discussion

### A. Standard for Injunctive Relief

The Commodity Exchange Act authorizes the granting of permanent injunctive relief. *See* 7 U.S.C. § 13a-1(b). Under Second Circuit precedent, such relief is appropriate if the Commission show "there is a likelihood that, unless enjoined, the violations will continue." *Commodity Futures Trading Comm'n v. Am. Bd. of Trade, Inc.*, 803 F.2d 1242, 1250-51 (2d Cir. 1986); *cf. Commodity Futures Trading Comm'n v. Creagh*, 2017 WL 1929624, at *2 (S.D.N.Y. May 10, 2017) ("Courts need not enjoin only identical future violations; they may extend to

restrictions on trading activity generally, if a court finds that defendants are not likely to 'make good faith efforts to comply with restrictions,' more broadly, in the future."). Courts consider "the totality of the circumstances" including "past illegal conduct" in determining whether a defendant is likely to repeat the wrong. *See SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 807 (2d Cir. 1975). A totality of the circumstance includes "the egregiousness of the defendant's actions, the isolated or recurrent nature of the infraction, the degree of scienter involved, the sincerity of the defendant's assurances against future violations, the defendant's recognition of the wrongful nature of his conduct, and the likelihood that the defendant's occupation will present opportunities for future violations." *Commodity Futures Trading Comm'n v. Wilshire Inv. Mgmt. Corp.*, 531 F.3d 1339, 1346 (11th Cir. 2008) (citation omitted); *accord SEC v. Commonwealth Chem. Sec., Inc.,* 574 F.2d 90, 100 (2d Cir. 1978); *Commodity Futures Trading Comm'n v. Incomco, Inc.*, 580 F. Supp. 1486, 1489 (S.D.N.Y. 1984) (citing *SEC v. Universal Major Industries*, 546 F.2d 1044, 1048 (2d Cir. 1976)). It would appear that this standard governs irrespective of whether the requested injunction seeks to ban a defendant from trading for others or him/herself.

    **B.**    **A Personal Trading Ban is Warranted**

Each of the foregoing factors were discussed by the Court in its March Memorandum and that discussion is incorporated by reference. However, several factors which support a personal trading ban bear repeating. McCrudden has shown no acceptance of responsibility and no recognition of the wrongfulness of his actions. Additionally, he has given no assurances that will he will not violate the CFTA in the future and in fact the opposite is true. (*See* DE 194 at 4.) Indeed, given McCrudden's statement that he will "manage money for other people regardless of

what [this Court] says" (*id*.), a ban on personal trading is appropriate to prevent McCrudden from using the ruse of trading for himself when in actuality he is trading for others.

## III. Conclusion

A permanent injunction permanently banning the Defendants from registering and from trading for either themselves or on behalf of others, together with a civil monetary fine of $60,000.00 is warranted. Plaintiff should submit a proposed judgment within fourteen (14) days.

**SO ORDERED.**

Dated: Central Islip, New York     s/ Denis R. Hurley
       May 3, 2018                  Denis R. Hurley
                                         United States District Judge