UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
U.S. COMMODITY FUTURES TRADING
COMMISSION,

                   Plaintiff,

  - against-

VINCENT PATRICK MCCRUDDEN,
MANAGED ACCOUNTS ASSET MANAGE-
MENT, LLC, and ALNBRI MANAGEMENT,
LLC,

                 Defendants.
----------------------------------------------------------X

**MEMORANDUM OPINION**
Civil Action No. 10-5567

**APPEARANCES:**

**For Plaintiff:**
James H. Holl, III, Esq.
Chief Trial Attorney
U.S. Commodity Futures Trading Commission
1155 21st St, NW
Washington, DC 20581

**For Defendant Vincent Patrick McCrudden:**
Vincent Patrick McCrudden, Pro Se
3942 Hillstead Lane
Jacksonville, FL 32216

**For Defendants Managed Accounts Asset Management, LLC, and Alnbri Management, LLC**:
Michael Peter Kushner, Esq.
Kushner Law Group
16 Court Street, Suite 2901
Brooklyn, New York 11241

**HURLEY, Senior District Judge:**

      Plaintiff, U.S. Commodity Futures and Trading Commission ("Plaintiff" or

"CFTC"), brought this action alleging that defendants Vincent McCrudden ("McCrudden"), Managed Accounts Asset Management, LLC ("MAAM"), and Alnbri Management, LLC ("Alnbri") (collectively "Defendants") committed acts violative of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 1 et seq. and the regulations promulgated thereunder. The purpose of this Memorandum is to address the proposed judgment as well Defendants' arguments with respect to the proposed judgment.

By way of background, in September 2016, the parties entered into a Consent Order for Permanent Injunction and other Statutory and Equitable Relief (the "Consent Order") effecting a partial settlement of the matters alleged in the Complaint. Under the Consent Order, the issues of necessary relief pursuant to 7 U.S.C.§ 13a-1, regarding the imposition of trading and registration bans, if any, and civil monetary penalties, if any, to be assessed against Defendants were reserved for determination by this Court. By Memorandum and Order dated March 6, 2018 (the "March Order"), the Court concluded that a permanent registration ban and permanent ban on trading for, or on behalf of others, together with a civil monetary fine of $60,000 should be imposed. However, in view of the fact that the CFTC's request that the trading ban extend to Defendants' trading solely on their own behalf was not squarely addressed in the papers, the Court provided the parties with an opportunity to submit further papers. After receiving those submissions, the Court issued a Memorandum and Order dated May 3, 2018 (the "May Order")

finding that the permanent ban should extend to the defendants trading for themselves and directed Plaintiff to submit a proposed judgment. After the proposed judgment was submitted, the Court provided Defendants with an opportunity to respond to it. On or about May 22, 2018, Defendants submitted a document entitled "Defendants Response to Proposed Judgment" ("Defendants' Response"). Plaintiff never requested an opportunity to reply to Defendants' submission.

The Court will first address Defendants' arguments. It will then explain the reasons behind the Court's modification to the proposed judgment submitted by Plaintiff.

**I.  Defendants' Arguments**

Defendants' first argument is that the Court ignored section 9a(1) of the Commodity Exchange Act which provides that "[i]n determining the amount of the money penalty assessed under section 9 of this title, the commission shall consider the appropriateness of such penalty to the gravity of the violation." 7 U.S.C. § 9a(1).

The standard applied by this Court in its March Order was as follows: ""In determining an appropriate monetary penalty, a court considers the general seriousness of the violation as well as any particular mitigating or aggravating circumstances that exist. The penalty imposed must be rationally related to the offense and rests within the discretion of the Court. A defendant's ability to pay is also a relevant consideration." March Order at 10 (internal quotation marks and

citations omitted.)

> In applying this standard, the Court rejected the argument that the violation here was a "simple registration violation," explaining:
>
>> Here, the failure to register must be viewed in the context of MAAM and McCrudden having been denied registration, MAAM filing for an exemption, and then MAAM and McCrudden not seeking registration when the basis for the exemption was apparently not applicable. Furthermore, Alnbri not registering must be viewed against the background of MAAM having been denied registration because its principal, McCrudden, was denied registration. As McCrudden was also a principal of Alnbri, a reasonable conclusion is that Alnbri's failure to registration was driven by McCrudden's earlier disqualification.
>> When viewed in the foregoing context, characterizing the conduct at issue as egregious is appropriate. In reaching this conclusion, the Court has considered and rejected Defendants' position that the breach of the limits for the claimed exemption was "innocent." (See Defs.' Penalty Brief at 8.) First, that McCrudden's acts were deliberate is supported by his admission that the Second Circuit's earlier denial of his appeal "left no reasonable window open for McCrudden to operate a registered entity, or for McCrudden to be registered as an Associated Person." Moreover, the claim of innocence is tied to McCrudden statement that between various named attorneys and his "own personal experience with other attorneys over the years, it was made known to me that as long as the fund maintained 15 clients or less and did not hold itself out as a Commodity Pool Operator . . . the fund could trade futures with an exemption." (Id. at 7.) McCrudden provides nothing beyond his conclusory assertion to support that this was the advice he received. In any event, the requirement of 15 clients or less is related to an exemption pursuant to 17 U.S.C. §4.13(a)(2), which is irrelevant to the present case.

March Order at 14-15.

The foregoing demonstrates that the Court fully considered the gravity of the offense.

Defendants also claim that the Court failed to take into account McCrudden's

financial situation and that the fine imposed violates the Eighth Amendment. In support of that claim he now refers to the Court's "possession of a detailed financial affidavit on February 18, 2013 . . . ." (DE 202 at 2.) The Court is unable to locate any such document in or about that date on the docket in this case.[1] Moreover, although Defendant's penalty submission generally referenced the Court's possession of financial affidavits (*see* DE 187 at 19-20) that submission neither contained nor referred the Court to any particular information. Thus, to the extent that McCrudden complains that his financial situation was not considered, the fault lies squarely upon him. In any event, the Court, having a general sense that McCrudden's financial picture was less than rosy, did take into account his financial situation in setting the penalty at $60,000, rather than the maximum penalty of $130,000 per each of the three violations sought by the CFTC. *See* March Order at 18 ("Taking into account the gravity of the violations and all of the attendant circumstances, with special emphasis on McCrudden's financial circumstances . . . the Court orders Defendants, jointly and severally, to pay a civil monetary penalty of $60,000.00 in total.")

Defendants' Eighth Amendment claim is similarly without merit. The Second Circuit has established a "two-step inquiry for determining whether a financial

---

[1] The Court has located a letter on the docket in a criminal case that was before this Court entitled, United States v. McCrudden, 11-CR-061 (E.D.N.Y.) filed on February 13, 2013 in which McCrudden in support of a request for transcripts from his plea and sentence free of charge states as follows: "Please accept this notarized letter as an affidavit that my current liabilities are around $600,000.00 and I have no assets, no employment, nor hope of employment as a convicted felon and virtually no opportunity to resume my past 25 [sic] career occupation." The 2013 letter contained no particulars regarding the alleged then current liabilities. Moreover, it provides no information as to McCrudden's financial condition five years later.

penalty is excessive under the Eighth Amendment." *United States v. Viloski*, 814 F.3d 104, 108 (2d Cir. 2016) (footnote omitted). First, a court must "determine whether the Excessive Fines Clause applies at all." *Id.* at 109 (citing *United States v. Bajakajian*, 524 U.S. 321, 334(1998). That requirement is met if a [fine] "may be characterized, at least in part, as 'punitive'—i.e., forfeitures for which a defendant is personally liable." *Id.* (citing *Bajakajian*, 524 U.S. at 327–28). Second, a court must "determine whether the challenged [penalty] is unconstitutionally excessive." *Id.* at 109 (citing *Bajakajian*, 524 U.S. at 334.). "A [penalty] is unconstitutionally excessive 'if it is grossly disproportional to the gravity of a defendant's offense.' " *Id.* (quoting *Bajakajian*, 524 U.S. at 334). A four-factor test governs this inquiry:

> (1) the essence of the crime of the defendant and its relation to other criminal activity, (2) whether the defendant fits into the class of persons for whom the statute was principally designed, (3) the maximum sentence and fine that could have been imposed, and (4) the nature of the harm caused by the defendant's conduct.

*Id.* (quoting *United States v. George*, 779 F.3d 113, 122 (2d Cir. 2015)). The Second Circuit has said that "courts may consider—in addition to the four factors ... previously derived from *Bajakajian*—whether the forfeiture would deprive the defendant of his livelihood, i.e., his 'future ability to earn a living.' " *Id.* at 111 (citation omitted).

The fine imposed in this case is punitive in nature and therefor the Eighth Amendment does apply. However, as set forth above, in setting the amount of the

fine, this Court did consider the factors regarding the gravity of Defendants' offense, albeit not in the context of a constitutional analysis. Given the Court's reasoning as set forth in the Court's March and May Orders, the penalty assessed passes constitutional muster.

However, subsequent to the Court's March and May Orders, McCrudden filed a motion to proceed in forma pauperis in connection with his appeal of those Orders. In that motion, McCrudden, provided information regarding his finances, albeit in an untimely fashion. In view of that information, the Court exercises its discretion to reconsider the amount of the civil monetary penalty set forth in the March Order; the penalty shall be $15,000. *See generally* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and responsibilities.").

II.  The Proposed Judgment

The Court will enter the proposed judgment submitted by Plaintiff modified in essentially only one significant way, other than the foregoing resetting of the civil monetary penalty.[2] In this Court's view, paragraph 1g is overbroad. As proposed it reads that defendants are permanently enjoined from "[a]cting as principal (as that term is defined in 17 C.F.R. §3.1(a) (2016), agent or any other officer or employee of

---

2 The Court made other changes which were stylistic in nature.

any person (as that term is defined in 7 U.S.C. §1a(38) (2012), or entity registered, exempted from registration or required to be registered with the Commission." The Court has modified that paragraph to make clear that Defendants are prohibited only from holding positions wherein they would be involved in any manner in trading but not prohibited from being employed in other positions in the enumerated entities.

Dated: Central Islip, New York
      October 9, 2018                          s/ Denis R. Hurley
                                                             Denis R. Hurley
                                                             United States District Judge